IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL ANN MORRIN, | ) | CASE NO. 3:16 CV 1962 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

**Introduction**

Before me[1] is an action by Crystal Ann Morrin under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 13. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 6.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

## Facts

**A.    Background facts and decision of the Administrative Law Judge ("ALJ")**

Morrin who was 33 years old at the time of the administrative hearing,[11] graduated high school and is a licensed hair stylist.[12] She lives with her parents and her three children[13] and her past employment history includes work as a waitress and hairstylist.[14]

The ALJ, whose decision became the final decision of the Commissioner, found that Morrin had the following severe impairments: an affective disorder; an anxiety disorder; attention deficit hyperactivity disorder ("ADHD"); a personality disorder; and substance dependence (opioid, cannabis) (20 CFR 404.1520(c) and 416.920(c)).[15]

---

[6] ECF # 11.

[7] ECF # 19 (Commissioner's brief); ECF # 14 (Morrin's brief).

[8] ECF # 19-1 (Commissioner's charts); ECF # 14-2 (Morrin's charts).

[9] ECF # 14-1 (Morrin's fact sheet).

[10] ECF # 22.

[11] ECF # 10, Transcript ("Tr.") at 42.

[12] *Id*. at 43-44.

[13] *Id*. at 42.

[14] *Id*. at 239.

[15] *Id*. at 21.

After concluding that the relevant impairments did not meet or equal a listing, the ALJ made the following finding regarding Morrin's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: work limited to simple, routine, and repetitive tasks in a work environment free from fast paced production requirements, such as moving assembly lines and conveyor belts, involving only work related decisions, with few if any place changes; and occasional interaction with the general public, coworkers, and supervisors.[16]

Given that residual functional capacity, the ALJ found Morrin incapable of performing her past relevant work as hair stylist.[17]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Morrin could perform.[18] The ALJ, therefore, found Morrin not under a disability.[19]

**B.  Issues on judicial review**

Morrin asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Morrin presents the following issues for judicial review:

---

[16] *Id.* at 24.

[17] *Id.* at 29.

[18] *Id.* at 30.

[19] *Id.* at 31.

- Whether the ALJ's finding concerning residual functional capacity is supported by substantial evidence where he failed to even acknowledge, let alone evaluate, statements from third parties concerning Ms. Morrin's daily activities and limitations.

- Whether the ALJ's finding concerning residual functional capacity is supported by substantial evidence where his evaluation of the opinion of the treating psychiatric nurse practitioner was compromised by his failure to acknowledge third party statements.[20]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

### A. Substantial evidence standard of review

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

---

[20] ECF # 14 at 1.

conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[21]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[22] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[23]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.  Application of standard**

Morrin presents two challenges to the RFC finding. First, she claims that the ALJ erred in not considering on the record statements from Morrin's mother and aunt regarding Morrin's difficulties with activities of daily living.[24] Next, she asserts that the ALJ erred in not providing good reasons for assigning little weight to the functional opinion of Cherie Tubeileh, a treating psychiatric nurse practitioner.[25]

---

[21] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[22] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[23] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[24] ECF # 14 at 6-8.

[25] *Id.* at 8-12.

*1.  Third party opinions*

The issue here has been sharpened by the Commissioner's admission in her brief that the ALJ did not make any reference in the opinion to statements from Morrin's mother and aunt.[26] As such, the Commissioner argues that an ALJ has no responsibility to address every piece of evidence,[27] and further contends that any consideration of these sources would have been duplicative of Morrin's own statements concerning her daily activities.[28]

The Sixth Circuit in *Thacker v. Commissioner*[29] noted that the failure of an ALJ to explicitly discuss in the opinion certain observations made by third parties concerning a claimant's activities "does not indicate that they were not considered."[30] As Magistrate Judge Limbert recently observed, "an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence."[31]

---

[26] ECF # 19 at 5.

[27] *Id.*

[28] *Id.*

[29] *Thacker v. Comm'r of Soc. Sec.*, 99 Fed. App'x 661 (6th Cir. 2004).

[30] *Id.* at 665.

[31] *Fenwick v. Colvin*, 2016 WL 726898, at *8 (N.D. Ohio Feb. 24, 2016)(citing 20 C.F.R. § 404.1545(a)(2); *Thacker*, 99 Fed. App'x at 665)

Thus, inasmuch as Morrin is now asserting that the lack of explicit reference to the functional opinions of her mother and aunt in the opinion itself is *per se* error,[32] that argument, for the reasons stated above, is not well-taken.

## 2. *Opinion of the psychiatric nurse practitioner*

Morrin contends that the ALJ failed to sufficiently articulate good reasons as to why he gave little weight to the functional opinion of nurse practitioner Cherie Tubeileh. In that regard, the ALJ cited the inconsistency of Tubeileh's opinion with the medical record as a whole as the sole stated reason for the weight given.[33] But, the ALJ then ventured into an extended discussion of the hypothetical situation of a treating source who, out of sympathy, frames an opinion so as to assist a patient with a disability claim, and an equally hypothetical situation of an insistent patient essentially "wearing down" a treating source with frequent demands for a favorable opinion.[34]

It is noted that these two hypothetical examples are not reasons specific to the weight given to Tubeileh's opinion. The examples are clearly framed as "possibilit[ies]" that "may" be present with unnamed treating sources. As such, these musings by the ALJ on various speculative scenarios have no part in now ascertaining whether specific reasons were articulated for the actual weight given as to nurse Tubeileh's opinion.

---

[32] ECF # 14 at 7 ("Other than listing the third-party statements on the exhibit list, there is no mention of these statements in the decision itself. This was error.").

[33] Tr. at 28.

[34] *Id*.

That said, the standard for articulation as to opinions from other medical sources such as nurse practitioners is clear. In *Hardiman v. Commissioner*[35] Judge Helmick considered a similar argument as is presented here that the opinion of a nurse practitioner should be evaluated by using the same factors as are utilized with treating sources and then the conclusion should be articulated specificity as to those factors.[36] After noting that SSR 06-03p places nurse practitioners in the category of 'other sources," *Hardiman* further noted that SSR 06-03p does direct the ALJ to consider opinions from other sources like nurse practitioners in light of the same factors applicable to acceptable medical sources.[37]

But, *Hardiman* observed, that regulation states that "not every factor for weighing opinion evidence will apply[38] in every case." As *Hardiman* further noted in that regard, the ALJ is not required to address all factors contained in SSR 06-03p.[39] In fact, "[a]ll that is required is that the ALJ generally ... explain the weight given to opinions from other sources."[40] Or, stated differently, that "[t]he adjudicator generally should explain the weight given to opinions from these other sources or otherwise ensure that the discussion of the

---

[35] *Hardiman v. Commissioner*, No. 3:15 CV 1259, 2017 WL 1352061 (N.D. Ohio April 13, 2017).

[36] *Id*. at \*\* 1-2.

[37] *Id*. at 2.

[38] *Id*. (quoting SSR 06-03p).

[39] *Id*. at \*3 (citations omitted).

[40] *Id*. (internal quotation omitted).

-8-

evidence in the determination or decision allows the claimant or subsequent reviewer to follow the adjudicator's' reasoning, when such opinions may have an effect on the outcome of the case."[41] This is, Judge Helmick stated, "an unexacting standard."[42]

In this case, as the Commissioner observes, the ALJ had previously detailed over several pages of the opinion[43] the evidence from multiple sources collected over several years showing that Morrin's condition was at variance from that described in Tubeileh's opinion.[44] As such, this on the record assembly of evidence that was contrary to the opinion under review more than satisfies the 'unexacting standard" imposed by the regulations in this case.

## Conclusion

For the reasons stated, I find that substantial evidence supports the decision of the Commissioner denying benefits to Crystal Ann Morrin, and so that decision is hereby affirmed.

IT IS SO ORDERED.

Dated: September 26, 2017            s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge

---

[41] *Id.* (citation omitted).

[42] *Id.*

[43] Tr. at 25-27.

[44] *See,* ECF # 19 at 8-9 (detailing specific evidence and citing record).